## LINCOLN v OLSON et

Ohio Appeals, 7th Dist, Mahoning Co

No 2334. Decided Nov 13, 1936

W. P. Barnum, Youngstown, and H. H. Hull, Youngstown, for plaintiff.

William E. Lewis, Youngstown, for appellee.

## OPINION

By ROBERTS, J.

This cause is in this court on appeal of questions of law and fact under the new appellate procedure. This cause was commenced in the Court of Common Pleas by the filing of a petition by the plaintiff, Frank Lincoln, praying that a mandatory injunction issue to the defendant, Carl L. Olson, Chief of Police, directing and compelling him to reinstate and restore the plaintiff to his former position as a patrolman in the police department of the City of Youngstown, Ohio.

The cause came on for hearing in the Court of Common Pleas, resulting in a judgment in that court adverse to the contention of the plaintiff. Thereupon the cause has been brought to this court for determination.

The issue is quite succinctly stated in the brief of the appellant as follows:

"The question involved in the instant case is whether the permanent dismissal of the appellant for an alleged violation of §62 of the city charter was illegal, said §62 having been repealed while appellant's appeal was pending, and repealing ordinance containing no provision saving pending proceedings."

The appellant was permanently dismissed as a patrolman for alleged violation of §62 of the charter of said city, which section reads, in part, as follows:

"In all cases of removal the head of the department so making the same shall furnish such employe with a copy of the order of removal and his reasons for the same. Any such employe so removed may appeal to the Board of Appeals to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the date of such removal, and the decision of the board of appeals shall be final."

The appellant promptly and within due time perfected an appeal to the board of appeals. His dismissal was of date of November 6, 1933 and within three days thereafter, to-wit, November 9, 1933, the appeal was filed. On the following January 1st, 1934, the present municipal civil service commission took office and some time thereafter heard the appeal of the appellant and affirmed the dismissal. An amendment to the charter was voted on and passed, to be effective January 1st, 1934, which amendment provided for the adoption of the civil service provisions of the General Code and repealed the civil service provisions of the home rule charter, including §§53 to 68, both inclusive.

It is the contention in brief of the appellant that the board of appeals having passed out of existence, as hereinbefore stated, before having determined the appeal of the appellant, that the consideration of the appeal by the succeeding civil service commission was unauthorized by law and such board was without jurisdiction to act, that the appeal as a matter of law in effect rendered nugatory and of no effect the complaint of the chief of police upon which the appellant was dismissed, and that there was not thereafter any authority competent to hear the appeal, and the status of the appellant was in effect that of not standing convicted or found guilty of any offense. This action, therefore, was brought in an attempt to secure his reinstatement to the police force.

This court has given careful consideration to the issues of this case and has read

the opinion of Judge Jenkins in this case in the Common Pleas Court, by which the injunction prayed for by the appellant was denied and the petition dismissed. This court approves and endorses the opinion of the Common Pleas Court as a correct determination of the issues in this case, to which nothing perhaps can be profitably added, citing only the following: **Hornberger, Director of Public Service v State ex Fisher, 95 Oh St 148,** and citing the fourth paragraph of the syllabi as follows:

"The validity or invalidity of a discharge of such employe is determined by the law in force at the time his dismissal is ordered, and is not affected by the provisions of a civil service law passed subsequent to such discharge and subsequent to the institution of such action."

The judgment of the Court of Common Pleas is therefore affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.